J-S23021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL LOMBARDI | : | |
| | : | |
| Appellant | : | No. 2337 EDA 2019 |

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004620-2009

BEFORE:  NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 22, 2020**

Michael Lombardi (Appellant) appeals from the order entered in the Chester County Court of Common Pleas dismissing his "motion to modify sentence" as an untimely-filed Post Conviction Relief Act[1] (PCRA) petition. Appellant's counsel, Deborah Brown, Esquire (Counsel), has filed a **Turner**/**Finley**[2] brief and application for leave to withdraw.  We grant Counsel leave to withdraw and affirm the order.

On January 20, 2011, Appellant entered a negotiated guilty plea to one count of possession of a controlled substance with intent to deliver.[3]  On the

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] 35 P.S. § 780-113(a)(30).

same day, the trial court imposed the agreed-upon sentence of 66 months (5½ years) to 144 months' (12 years') imprisonment. Although the sentencing sheet indicated a mandatory minimum sentence was imposed, it did not explain which mandatory sentencing statute was applied.[4] Appellant did not file a post-sentence motion or a direct appeal.

More than eight years later, on March 26, 2019, Appellant, represented by Adam Sager, Esquire, filed the underlying "Motion to Modify Sentence Due to *Alleyne v. United States*."[5] This motion averred Appellant "was given a mandatory minimum sentence" — likewise without indicating the nature of the mandatory sentence — that was unconstitutional under *Alleyne*, *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014).[6] Appellant's Motion to Modify Sentence, 3/26/19, at 2.

---

[4] Upon informal inquiry by this Court, the trial court clerk advised the January 20, 2011, plea/sentencing hearing was not transcribed.

[5] *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

[6] *See Wolfe*, 140 A.3d at 663 (42 Pa.C.S. § 9718 — which imposed mandatory minimum sentences for offenses "against infant persons" — contravenes *Alleyne* and is unconstitutional); *Valentine*, 101 A.3d at 812 (42 Pa.C.S. § 9712 and 9713 — which imposed mandatory minimum sentences for, respectively, offenses committed with firearms and offenses committed on public transportation —are unconstitutional pursuant to *Alleyne*).

On April 25, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the motion without a hearing. The notice explained that because a collateral challenge to the legality of sentence should be raised under the PCRA, the court construed Appellant's motion as a PCRA petition. Notice of Intent to Dismiss PCRA Petition, 4/25/19, at 2 n.1. The court then reasoned Appellant's motion was filed beyond the general PCRA one-year filing period, and none of the timeliness exceptions applied. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Specifically, the court found Appellant was not entitled to relief under the newly-recognized-retroactive constitutional right exception because "the Pennsylvania Supreme Court has unambiguously held that '*Alleyne* does not apply retroactively to cases pending on collateral review[.]'"[7] Notice of Intent to Dismiss PCRA Petition at 3 n.1, *quoting Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

On July 10, 2019, the PCRA court issued the underlying order dismissing Appellant's PCRA petition. Although he was still represented by Attorney Sager, Appellant filed a timely *pro se* notice of appeal, along with a *pro se*

---

[7] The notice also stated Appellant may respond within 20 days, and if he did not, the court would dismiss his motion. On May 26, 2019, Appellant filed an untimely *pro se* "Amended Petition for Relief/Motion to Correct Illegal Sentence."

Pa.R.A.P. 1925(b) statement.[8] We note the trial court did not issue any order requiring a Rule 1925(b) statement.

On September 16, 2019, Attorney Sager filed in this Court a petition to withdraw from representation. This Court granted the petition and remanded to the PCRA court to determine whether Appellant was eligible for court-appointed counsel. The PCRA court consequently appointed the Chester County Public Defender's office to represent Appellant, and on November 6, 2019, present counsel, Assistant Public Defender Brown, entered her appearance in this Court. On December 3rd, this Court granted Appellant's request for a second remand so that he may file an amended Rule 1925(b) statement. On December 9 and 23, respectively, Appellant filed *pro se* Rule 1925(b) statements.[9] On December 23rd, Counsel filed a statement of intent to file a **Turner**/**Finley** brief.[10]

---

[8] **See** Pa.R.Crim.P. 576(A)(4) (if represented criminal defendant files *pro se* notice of appeal, clerk of courts shall accept it for filing, and copy of time-stamped document shall be forwarded to defendant's attorney and Commonwealth within 10 days); **Commonwealth v. Wooden**, 215 A.3d 997, 1000 (Pa. Super. 2019) (although defendant's attorney remained counsel of record, it was proper for trial court clerk to docket defendant's *pro se* notice of appeal).

[9] Appellant filed these *pro se* filings despite this Court's reminder against *pro se* filings by counseled appellants. **See** Order, 12/3/19, at 1-2.

[10] Rule 1925(c)(4) permits an attorney to file "a statement of intent to file an **Anders**/**Santiago** brief in lieu of filing a [Rule 1925(b)] Statement." Pa.R.A.P. 1925(c)(4). We note the **Anders**/**Santiago** paradigm applies when counsel seeks to withdraw from representation on direct appeal, whereas

Counsel has now filed a **Turner**/**Finley** petition to withdraw and a brief, averring the PCRA court properly found Appellant's PCRA petition was untimely and, therefore, the within appeal is meritless. Appellant has not responded to counsel's petition.

We first consider whether Counsel has satisfied the requirements of **Turner**/**Finley**.

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner**[and **Finley**] and must review the case zealously. [C]ounsel must then submit a "no-merit" . . . brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, . . . this Court . . . must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

---

**Turner**/**Finley** applies in a PCRA appeal. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2. (Pa. Super. 2011); **see Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Nevertheless, we emphasize the trial court did not issue any Rule 1925(b) order requiring a statement to be filed. Accordingly, we decline to find any waiver on the ground that Attorney Brown did not comply with a Rule 1925(b) order.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted).

Here, Counsel's application for leave to withdraw avers: she "made a conscientious examination of the record, corresponded with Appellant, . . . research[ed] the merits of Appellant's claim," and concluded the PCRA court properly treated Appellant's motion as a PCRA petition and found it was untimely filed. Counsel's Application for Leave to Withdraw, 3/3/20, at 1-2. Counsel has attached a copy of a letter she sent to Appellant, which: outlined her review of the record and why she believed his appeal would have no merit; informed Appellant she would seek to withdraw from representation; and advised him he could retain another attorney or proceed *pro se*. We conclude Counsel has complied with the requirements of *Turner*/*Finley* and thus we independently review whether the PCRA court properly dismissed Appellant's petition as untimely filed. *See Walters*, 135 A.3d at 591.

The sole issue raised in Appellant's "Motion to Modify Sentence" was whether his mandatory minimum sentence was unconstitutional under *Alleyne*, *Wolfe*, and *Valentine*. This Court has stated that an *Alleyne* claim is a challenge to the legality of sentence and is cognizable under the PCRA. *Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015). Accordingly, the PCRA court properly construed Appellant's motion as a PCRA petition.

"Under our standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported

by the record and is free of legal error." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (citation omitted). This Court has stated:

> It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). [A] petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented.[11]

***Walters***, 135 A.3d at 591-92 (some citations omitted).

_____

[11] This Court has explained:

> On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, *i.e*. December 24, 2017, or thereafter.

***Commonwealth v. Brensinger***, 218 A.3d 440, 448 (Pa. Super. 2019). As Appellant sought relief under ***Alleyne***, his claim "arose," for purposes of Section 9542(b), on the date the High Court issued that decision, June 17, 2013. Accordingly, Appellant was not entitled to the expanded one-year deadline in the 2018 amendment. ***See id.***; ***see also*** Notice of Intent to Dismiss PCRA Petition at 3 n.1 (concluding same).

As stated above, Appellant was sentenced on January 20, 2011. He had 30 days, or until Monday, February 21, 2011, to file a notice of appeal.[12] *See* Pa.R.A.P. 903(a). When Appellant did not file an appeal, his judgment of sentence became final on that day, and he then generally had one year, or until February 21, 2012, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1), (3) (judgment becomes final at conclusion of direct review or at expiration of time for seeking review). The instant motion was filed more than seven years later, on March 26, 2019, and thus was patently untimely. *See* 42 Pa.C.S. § 9545(b)(1).

Furthermore, Appellant's motion did not plead any of the Section 9545(b)(1) exceptions. Indeed, the motion did not refer at all to the PCRA's timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1) (petition shall be filed within one year of the date the judgment becomes final, unless petition **alleges and proves** exception applies); *Walters*, 135 A.3d at 591-92. Furthermore, even if Appellant had relied on the "newly recognized retroactive constitutional right" exception, no relief would be due, as we would agree with the PCRA court that neither *Alleyne* nor its progeny announce a new constitutional right that would apply retroactively. *See* 42 Pa.C.S. §

---

[12] The thirtieth day fell on Saturday, February 19, 2011. Appellant thus had until Monday, February 21st to file a notice of appeal. *See* 1 Pa.C.S. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation);

9545(b)(1)(ii); ***Washington***, 142 A.3d at 823; Notice of Intent to Dismiss PCRA Petition at 3 n.1. ***See also Ruiz***, 131 A.3d at 58 ("It is . . . settled that ***Alleyne*** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition.").

We thus conclude the PCRA court did not abuse its discretion in finding Appellant's motion was time-barred by the PCRA timeliness requirements. ***See*** 42 Pa.C.S. § 9545(b)(1); ***Washington***, 142 A.3d at 823; ***Edmiston***, 65 A.3d at 353. We grant Counsel's application for leave to withdraw and affirm the order dismissing Appellant's motion to modify sentence.

Order affirmed. Counsel's application for leave to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/20

- 9 -